Filed 11/27/23

# CERTIFIED FOR PUBLICATION

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| MARIA ZARATE et al., | B318273 |
| Plaintiffs and Respondents, | Los Angeles County |
| v. | Super. Ct. No. 19PSCV00306 |
| ADAM MCDANIEL, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Peter A. Hernandez, Judge. Reversed and remanded with directions.

Law Offices of Robert A. Brown and Robert A. Brown for Defendant and Appellant.

N. Micheli Quadros for Plaintiffs and Respondents.

_____

## INTRODUCTION

This is the second appeal arising out of defendant Adam McDaniel's special motion to strike the complaint filed by plaintiffs Maria Zarate and Jose Lopez[1] (Code Civ. Proc.,[2] § 425.16; anti-SLAPP motion). In the first appeal, we affirmed the trial court's order denying McDaniel's anti-SLAPP motion, concluding McDaniel failed to show plaintiffs' claims arose out of protected activity because he filed only a "perfunctory anti-SLAPP motion." (*Zarate v. McDaniel* (May 25, 2021, B302531 [nonpub. opn.] (*Zarate I*).) The court later ordered McDaniel to pay plaintiffs more than $13,000 in attorney fees and costs after finding his anti-SLAPP motion was frivolous.

In this appeal, McDaniel challenges the fee award. As we explain, the court should have denied plaintiffs' attorney fees motions because they failed to provide McDaniel a 21-day safe harbor notice before filing their attorney fees motions. We therefore reverse and remand the matter with directions for the court to enter a new order denying plaintiffs' attorney fees motions.

---

[1] We collectively refer to Zarate and Lopez as "plaintiffs."

[2] All undesignated statutory references are to the Code of Civil Procedure.

# BACKGROUND[3]

In April 2019, plaintiffs filed a complaint asserting 18 causes of action against McDaniel and his girlfriend, Lauren Torres.

In June 2019, McDaniel filed an anti-SLAPP motion seeking to strike the claims asserted against him in plaintiffs' complaint. McDaniel's supporting memorandum of points and authorities spanned little more than three pages. McDaniel asserted plaintiffs' claims arose out of his status as Torres's boyfriend and his threats to prosecute an unlawful detainer action against plaintiffs, both of which McDaniel claimed were protected activities under section 425.16. Plaintiffs opposed McDaniel's anti-SLAPP motion in August 2019, arguing among other things, that McDaniel's motion was frivolous. McDaniel didn't file a reply.

In September 2019, the court denied McDaniel's motion. The court explained that McDaniel did not "demonstrate[] that [plaintiffs'] action falls within the same class of suits subject to the special motion to strike." According to the court, McDaniel failed to explain how his alleged protected activities formed the basis for any of plaintiffs' claims and failed to address how any of the claims arose out of protected activity even though plaintiffs alleged McDaniel engaged in other, non-protected activity.

In November 2019, Zarate and Lopez filed motions to recover $9,105.33 in attorney fees and costs from McDaniel. Plaintiffs argued they were entitled to recover fees and costs under sections 425.16, subdivision (c) and 128.5 because

---

[3] A more thorough summary of this case's facts and procedural history can be found in *Zarate I.*

McDaniel's anti-SLAPP motion was frivolous or solely intended to cause unnecessary delay.[4]

In May 2021, we affirmed the court's order denying McDaniel's anti-SLAPP motion. We concluded McDaniel failed to show any of plaintiffs' claims arose out of his protected activity because he filed only a "perfunctory" motion.

In August 2021, McDaniel opposed plaintiffs' attorney fees motions. McDaniel argued the court should deny the motions because, among other things, plaintiffs did not comply with section 128.5, subdivision (f)'s 21-day safe harbor provision and failed to show he filed his anti-SLAPP motion in bad faith.

In September 2021, plaintiffs filed their replies and requested an additional $4,125 in fees and costs incurred in defending against McDaniel's appeal from the court's order denying his anti-SLAPP motion.

In December 2021, the court granted plaintiffs' attorney fees motions. Relying in part on our analysis in *Zarate I*, the court found McDaniel's anti-SLAPP motion was frivolous and that " 'any reasonable attorney would agree that an anti-SLAPP motion did not lie under these circumstances.' " The court refused, however, to find whether McDaniel filed his anti-SLAPP motion in bad faith. The court also didn't address McDaniel's argument that plaintiffs failed to comply with section 128.5, subdivision (f)'s 21-day safe harbor provision before filing their

---

[4] Although plaintiffs filed separate attorney fees motions, their motions are virtually identical and sought to recover the same amount of fees and costs for legal services performed by the two attorneys who litigated their joint opposition to McDaniel's anti-SLAPP motion.

4

attorney fees motions. The court ordered McDaniel to pay plaintiffs $13,264.33 in attorney fees and costs.

McDaniel appeals from the fee award.[5]

## DISCUSSION

McDaniel contends the court erred in awarding plaintiffs attorney fees and costs. Among other things, he argues the court should have denied plaintiffs' attorney fees motions because they failed to comply with section 128.5, subdivision (f)'s 21-day safe harbor provision. We agree.

Section 425.16, subdivision (c) provides that "[i]f the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to [s]ection 128.5." Section 425.16, subdivision (c)'s reference to section 128.5 means a court " 'must use the procedures and apply the substantive standards of section 128.5 in deciding whether to award attorney fees [to a prevailing plaintiff] under the anti-SLAPP statute.' " (*Moore v. Shaw* (2004) 116 Cal.App.4th 182, 199.)

"Section 128.5 authorizes sanctions for certain bad faith actions or tactics." (*CPF Vaseo Associates, LLC v. Gray* (2018) 29 Cal.App.5th 997, 1001 (*Gray*).) Specifically, under section 128.5, a

---

[5] An order awarding a prevailing anti-SLAPP plaintiff attorney fees and costs under sections 128.5 and 425.16 is an appealable order under section 904.1, subdivision (a)(12), where, as here, the fee award exceeds $5,000. (See *Doe v. Luster* (2006) 145 Cal.App.4th 139, 146 [an award of more than $5,000 in attorney fees to a plaintiff prevailing on an anti-SLAPP motion is appealable under section 904.1, subdivision (a)(12)].)

trial court may award "reasonable expenses, including attorney's fees, incurred by another party as a result of actions or tactics, made in bad faith, that are frivolous or solely intended to cause unnecessary delay." (§ 128.5, subd. (a).)

Section 128.5, subdivision (f) establishes several procedures for awarding sanctions that must be followed " 'to the extent they are compatible with the other requirements of section 128.5.' " (*Gray*, *supra*, 29 Cal.App.5th at pp. 1003–1004, quoting *Nutrition Distribution, LLC v. Southern SARMs, Inc.* (2018) 20 Cal.App.5th 117, 126 (*Nutrition Distribution*).) Relevant here, section 128.5, subdivision (f)(1)(B) is a safe harbor provision, which provides that where the challenged action—like a written motion—"can be withdrawn or appropriately corrected," a motion for sanctions cannot be filed with the court unless the challenged action has not been withdrawn or corrected "21 days after service of the [sanctions] motion or [within] any other period as the court may prescribe." (§ 128.5, subd. (f)(1)(B).)

Thus, to obtain sanctions under section 128.5, a party typically must follow a two-step procedure. (*Transcon Financial, Inc. v. Reid & Hellyer* (2022) 81 Cal.App.5th 547, 550 (*Transcon*).) It must first serve a motion for sanctions on the offending party. (*Ibid*.) Service of the motion triggers the 21-day safe harbor period during which the moving party may not file the motion. (*Ibid*.) During that 21-day period, the offending party may avoid sanctions by withdrawing or correcting the challenged action. (*Ibid*.) If the offending party does not withdraw or correct the challenged action, the moving party may file the sanctions motion. (*Ibid*.)

Courts strictly apply section 128.5, subdivision (f)'s safe harbor provision. (*Gray*, *supra*, 29 Cal.App.5th at p. 1007.) If a

6

moving party fails to comply with it, the sanctions motion must be denied. (*Transcon, supra*, 81 Cal.App.5th at p. 551.)

We typically review an order awarding attorney fees and costs for abuse of discretion. (*Foundation for Taxpayer & Consumer Rights v. Garamendi* (2005) 132 Cal.App.4th 1375, 1388.) But where the facts are undisputed, as they are here, we independently review whether a sanctions award comports with statutory requirements. (See *Transcon, supra*, 81 Cal.App.5th at p. 550.) As we explain, the court erred in granting plaintiffs' attorney fees motions because plaintiffs failed to comply with section 128.5, subdivision (f)'s safe harbor provision.

McDaniel filed his anti-SLAPP motion on June 18, 2019. Plaintiffs filed their joint opposition to McDaniel's motion in early August 2019. The court heard argument on the motion in early September 2019 and issued its written ruling denying the motion eight days later. Plaintiffs didn't serve McDaniel with notice of their attorney fees motions until November 2019, however, about two months after the court denied McDaniel's anti-SLAPP motion, at which point McDaniel could no longer withdraw his motion. Plaintiffs also apparently served McDaniel with notice of their attorney fees motions *after* they filed their motions with the court. Plaintiffs, therefore, failed to comply with the plain terms of section 128.5, subdivision (f)'s safe harbor provision.

Citing *Changsha Metro Group Co., Ltd. v. Xufeng* (2020) 57 Cal.App.5th 1 (*Changsha*), plaintiffs argue they weren't required to provide McDaniel with safe harbor notice before filing their attorney fees motions. In *Changsha*, the court of appeal held the safe harbor provision didn't apply to the plaintiff's attorney fees request under section 425.16, subdivision (c). (*Changsha*, at pp. 19–23.) After reviewing section 128.5's legislative history, the

7

court concluded the Legislature intended for parties seeking sanctions under that statute to comply with its safe harbor provision "as much as possible." (*Changsha*, at p. 18.) The court noted, however, that the Legislature intended to create an exception to the safe harbor provision where it would not be practical to comply with it. (*Id*. at pp. 18–21; see also *Gray*, *supra*, 29 Cal.App.5th at pp. 1003–1004 [section 128.5, subdivision (f)'s procedural requirements should be followed to the extent they are compatible with section 128.5's other requirements].) The court found it would not have been practical for the plaintiff to comply with the safe harbor provision considering the expedited hearing and briefing schedule that generally applies to anti-SLAPP motions. (*Changsha*, at pp. 19–23; see also § 425.16, subd. (f) [the hearing on an anti-SLAPP motion must be scheduled "not more than 30 days after the service of the motion unless the docket conditions of the court require a later hearing"].)

This case is distinguishable from *Changsha*. When McDaniel filed his anti-SLAPP motion on June 18, 2019, the court scheduled a hearing on the motion for early September 2019, or nearly three months after the motion was filed. Accordingly, plaintiffs had well over a month to review McDaniel's motion to ascertain whether it was frivolous or intended to cause unnecessary delay, draft their attorney fees motions, and serve those motions on McDaniel with sufficient time to provide him a 21-day window within which he could have withdrawn that motion before the court ruled on it. Thus,

8

plaintiffs were not faced with an expedited briefing schedule like the one contemplated in *Changsha*.[6]

Importantly, plaintiffs don't contend that it would have been impractical for them to provide McDaniel safe harbor notice before filing their attorney fees motions. Indeed, plaintiffs' motions were not complex and include less than a single page of analysis explaining why McDaniel's anti-SLAPP motion was frivolous. Nor do plaintiffs contend that McDaniel could not have withdrawn or corrected his anti-SLAPP motion had they provided him timely notice of their attorney fees motions under section 128.5, subdivision (f). (See *Nutrition Distribution, supra,* 20 Cal.App.5th at p. 130 [section 128.5, subdivision (f)'s safe harbor provision applies when the motion for sanctions is "based on a … *written motion or court filing that could be withdrawn*"], italics added.)

In sum, plaintiffs did not comply with section 128.5, subdivision (f)'s safe harbor provision before filing their attorney fees motions. We therefore reverse the fee award with directions

_____

[6] We disagree with *Changsha* to the extent it holds that section 128.5's safe harbor provision is never applicable in the anti-SLAPP context. *Changsha* acknowledged that its "review of the section 128.5 legislative history reveals the Legislature (1) wanted the safe harbor provision to apply broadly; (2) did not want the safe harbor provision to apply when withdrawal or correction of the allegedly frivolous document or act would be impractical; (3) did not delete subdivisions (a) and (c) when adding the safe harbor provision; and (4) was aware that an order under subdivision (a) would be a prerequisite to the safe harbor provision being triggered." (*Changsha, supra,* 57 Cal.App.5th at p. 17; see also *Li v. Majestic Industry Hills LLC*, (2009) 177 Cal.App.4th 585, 594 [moving party could have modified the 21-day safe harbor period by seeking a continuance of the underlying hearing or an order shortening time to serve its sanctions motion].)

for the court to deny plaintiffs' attorney fees motions.[7] (See *Transcon, supra*, 81 Cal.App.5th at pp. 551–552.)

## DISPOSITION

The order awarding plaintiffs attorney fees and costs is reversed, and the trial court is directed to enter an order denying plaintiffs' attorney fees motions. In the interests of justice, the parties shall bear their own costs on appeal.

LAVIN, J.

WE CONCUR:

EDMON, P. J.

ADAMS, J.

---

[7] In light of our conclusion, we deny plaintiffs' request for an award of additional attorney fees and costs incurred in defending against this appeal. We also need not address the other arguments that McDaniel raises on appeal.